UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KALI KANONGATAA,<br><br>                   Plaintiff,<br><br>  - against -<br><br>COED MEDIA GROUP, LLC<br><br>                   Defendant. | Docket No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Kali Kanongataa ("Kali" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant Coed Media Group, LLC ("Coed " or "Defendant") hereby alleges as follows:

### NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant unauthorized reproduction and public display of a screen shot of a video of Facebook's First Live Birth, owned and registered by Kali. Accordingly, Kali seeks injunctive and monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

### JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in and/or are transacting business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Kali is the owner of the Polynesian Cultural Exchange which is a non-profit organization that helps those of Pacific Islander decent utilize their talents with leaders in creating avenues to educate, promote and advance cultural competency. Kali has a place of business at 1495 Silver Avenue, San Francisco, CA 94134.

6. Upon information and belief, Coed is a limited liability company duly organized and existing under the laws of the State of the New York, with a place of business at 237 West 35th Street, Suite 704, New York, New York 10001. At all times material hereto, Coed has owned and operated the website at the URL: www.CollegeCandy.com (the "Website").

## STATEMENT OF FACTS

### A. Background and Plaintiff's Ownership of the Video

7. On or about May 16, 2016, Kali videotaped his partner giving birth and broadcasted it on his Facebook page (the "Video").

8. Kali is the author of the Video and has at all times been the sole owner of all right, title and interest in and to the Video, including the copyright thereto.

9. The Video was registered with United States Copyright Office and was given Copyright Registration Number PA 1-995-583.

### B. Defendant Infringing Activities

10. Upon information and belief, on or about May 16, 2016, Coed ran an article on the Website entitled *Man Uses Facebook To Live Stream His Wife Giving Birth & Yeah, It's*

Case 1:16-cv-07472-LAK   Document 1   Filed 09/25/16   Page 3 of 7

*Pretty Weird*. See http://collegecandy.com/2016/05/16/facebook-live-birth-fakamalo-kihe-eiki-video-california-details-live-stream/. The article prominently featured a screen shot of the Video. A true and correct copy of the article is attached hereto as Exhibit A.

11.  Upon information and belief, on or about May 16, 2016, Coed placed the screen of the Video on its Pinterest social media page. A true and correct copy of Coed's Pinterest social media page with the screen shot of the Video is attached hereto as Exhibit B.

12.  Coed did not license the Video or screen shot from Plaintiff for use on its Website or Pinterest social media page nor did Coed have Plaintiff's permission or consent to publish the screen shot on the Website or Pinterest social media page.

### FIRST CLAIM FOR RELIEF
### (COPYRIGHT INFRINGEMENT AGAINST COED)
### (17 U.S.C. §§ 106, 501)

13.  Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-12 above.

14.  Defendant infringed Plaintiff's copyright in the Video by reproducing and publicly displaying a screen shot of the Video on the Website and Pinterest social media page. Defendant is not, and have never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Video or screen shot of the Video.

15.  The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

16.  Upon information and belief, the foregoing acts of infringement by Defendant have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

17. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

18. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the screen shot of the Video, pursuant to 17 U.S.C. § 504(c).

19. Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

20. Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting further infringement of Plaintiff's copyrights and exclusive rights under copyright.

## SECOND CLAIM FOR RELIEF
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST COED
## (17 U.S.C. § 1202)

21. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-20 above.

22. Upon information and belief, in its article on the Website, Coed intentionally and knowingly removed copyright management information identifying Plaintiff as the owner of the screen shot of the Video.

23. The conduct of Coed violates 17 U.S.C. § 1202(b).

24. Upon information and belief, Coed's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

25. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Coed intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Video. Coed also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Video.

26. As a result of the wrongful conduct of Coed as alleged herein, Plaintiff is entitled to recover from Coed the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Coed because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

27. Alternatively, Plaintiff may elect to recover from Coed statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant be adjudged to have infringed upon Plaintiff's copyright in the Video in violation of 17 U.S.C §§ 106 and 501;

2. The Defendant Coed be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. That Defendant, and their officers, directors, employees, agents, representatives, affiliates, subsidiaries, distributors, licensees and all persons or entities acting in concert or participation with Defendant, be enjoined from copying, reproducing, distributing, adapting, or publicly displaying Plaintiff's Video, pursuant to 17 U.S.C. § 502.

4. Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant profits, gains or advantages of any kind attributable to Defendant infringement of Plaintiff's Video; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

5. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

6. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

7. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

8. That Plaintiff be awarded pre-judgment interest; and

9. Such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
September 25, 2016

                                               LIEBOWITZ LAW FIRM, PLLC

                                               By: /s/ Richard Liebowitz
                                                        Richard P. Liebowitz
                                              11 Sunrise Plaza, Suite 305
                                              Valley Stream, NY 11580
                                              Tel: (516) 233-1660
                                              RL@LiebowitzLawFirm.com

                                              *Attorneys for Plaintiff Kali Kanongataa*