USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/4/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
KALI KANONGATAA,

                      Plaintiff,

          -against-                                                      16-cv-7382 (LAK)

AMERICAN BROADCASTING COMPANIES, INC., et ano.,

                      Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
KALI KANONGATAA,

                      Plaintiff,

          -against-                                                      16-cv-7383 (LAK)

NBCUNIVERSAL MEDIA, LLC,

                      Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
KALI KANONGATAA,

                      Plaintiff,

          -against-                                                      16-cv-7472 (LAK)

COED MEDIA GROUP, LLC,

                      Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM AND ORDER

LEWIS A. KAPLAN, *District Judge.*

        These copyright infringement actions have been dismissed by the Court, which subsequently granted defendants' joint motion for awards of attorneys' fees pursuant to Section 505

of the Copyright Act.[1] The matter now is before the Court on defendants' motions to fix the amounts of the fee awards.

*Facts*

As these cases all were determined on motions to dismiss the complaints pursuant to Rule 12(b)(6) – motions on which the plaintiff was entitled to the assumption that the well pleaded factual allegations of the complaints are true – very little need be said about the facts. It suffices merely to quote from part of the defendants' brief summary[2] to provide the background for this ruling:

> On May 16, 2016, Plaintiff publicly live-streamed on Facebook a 45-minute video of his partner giving birth to their child in a hospital delivery room (the "Video"). As of this filing, the Video continues to be publicly available at https://www.facebook.com/PolynesianNonprofit/videos/vb.100001911004128/1073990016008022/?type=2&theater. [citation omitted]. Defendants and other news outlets reported on the Video and offered social commentary about the phenomenon of someone publicly live-streaming a life event that traditionally is considered personal. Defendants used very brief excerpts of the Video in their news reports: 30 seconds for NBC, 22 seconds for ABC and Yahoo, and a mere screengrab for CMG.

The Court notes also that the Video remains publicly available on Facebook as of this writing, well over a full year after its live-streaming.[3]

On February 15, 2017, this Court granted defendants' motions to dismiss from the bench on the ground that the uses complained of were fair uses. It stated:[4]

---

[1] 17 U.S.C. § 505 (2012).

[2] DI 37, at 2. (All references to the docket entries are to those in 16-cv-7382 (LAK)).

[3] https://www.facebook.com/PolynesianNonprofit/videos/vb.100001911004128/1073990016008022/?type=2&theater (last visited Oct. 3, 2017).

[4] Tr., Feb. 15, 2017 [DI 34], at 41-42 (italics added).

> This was in each case a use squarely within the preambulatory portion of Section 107 of the Copyright Act, namely, criticism, comment, news reporting, which goes a significant part of the distance toward a conclusion of fair use. I believe the use was transformative. The amount and substantiality of the portions used in relation to the copyrighted work as a whole are very small in each case and, in the case of COED Media, trivial and *de minimis* for sure. And there are no plausible allegations that would permit a conclusion that the effect of the use on the part of any of the defendants had any effect on any potential market for or any value of the copyrighted work.

Plaintiff did not appeal. Subsequently, defendants moved for attorneys' fees under Section 505 of the Copyright Act[5] and for sanctions. The Court granted the motion to the extent of awarding attorneys' fees in amounts to be determined but denied sanctions.

Defendants now have moved for awards of attorneys' fees as follows: ABC and Yahoo - $60,000, COED Media Group ("CMG") - $30,839, and NBC - $30,630. Plaintiff deploys a number of arguments to avoid or reduce the amounts sought.

*Discussion*

*Plaintiff's Means*

Plaintiff begins by claiming – in an unsworn memorandum – that he is "a person of limited means" and that a full fee award could result in bankruptcy.[6]

A court of course has discretion in fixing the amount of attorneys' fees awarded under Section 505 and may consider the financial means of the party against whom they are awarded in

---

[5] 17 U.S.C. § 505 (2012).

[6] DI 55, at 2.

4

fixing the amount.[7] It bears in mind that "the aims of the statute are compensation and deterrence where appropriate, but not ruination."[8] The difficulty here, however, is that the plaintiff has submitted no evidence at all as to his financial circumstances – only an unsworn statement in a memorandum by his lawyer,[9] which does not cut it. As Judge Chin illustrated in the *Muller* case, reductions in fee awards based on an unsuccessful party's limited means typically, or at least often, are made in response to evidence rather than airy claims.[10] And this is not unique to fees under the Copyright Act. A party resisting an award of costs under Rule 54 on the basis of inability to pay, for example, bears the burden of proving the extent of its financial resources.[11]

There is no reason to ignore plaintiff's failure to come forward with evidence of his financial situation here. From the outset of these cases, he demanded that NBC and ABC pay what they characterized as "inflated settlement demands."[12] In addition to these three cases, he brought

---

[7] *E.g., Lieb v. Topstone Indus., Inc.,* 788 F.2d 151, 156 (3d Cir. 1986).

[8] *Id.; accord, Muller v. Twentieth Cent. Fox Film Corp.,* No. 08 Civ. 02550 (DC), 2011 WL 3678712, at *4 (S.D.N.Y. Aug. 22, 2011) (Chin, J.); *see also, e.g., Rosciszewski v. Arete Assocs., Inc.,* 1 F.3d 225, 234 (4th Cir. 1993).

[9] The Court finds no affidavit or declaration of the plaintiff in the record, and its attention has not been called to any relevant financial information.

[10] *Muller,* 2011 WL 367812, at 4* (citing cases); *accord, Hickey v. City of New York,* 241 F.R.D. 150, 153-54 (S.D.N.Y. 2006) (Lynch, J.) ("[P]laintiffs simply assert that they cannot afford the costs. Plaintiffs' nine-word assertion in a dependant clause in the last sentence of their brief is insufficient to support a denial of costs, especially given the Court's obligation to articulate reasons for a denial based on indigency, [citation omitted] and the lack of documentation supporting the assertion [citation omitted].").

[11] *Whitfield v. Scully,* 241 F.3d 264, 270 (2d Cir. 2001), *abrogated on other grounds without consideration of the point, Bruce v. Samuels,* 136 S. Ct. 127 (2016).

[12] 16-cv-7382 (LAK) DI 37, at 5.

three others based on substantially the same events.[13] The record in one of those cases explicitly reflects the fact that the case was settled.[14] The logical inference is that the two others, which were dismissed on consent, were settled as well. Thus, whatever personal assets plaintiff may have had when these cases were brought – and of that there is no evidence – it appears that he obtained additional monies in consequence of settling other cases based on the same episode. In all the circumstances – the lack of evidence of plaintiff's financial situation, compounded by the non-disclosure of the benefits he derived from other litigation based on these events – the Court declines to deny or adjust the otherwise appropriate amount of attorneys' fees on the basis of plaintiff's financial condition, as it has no competent evidence as to what it actually is.[15]

*Plaintiff's Other Arguments*

Plaintiff attempts to challenge the reliability, sufficiency, or contemporaneity of one or more of the defendants' time records, the costs charged by NBC for the work of its house counsel, and the overall reasonableness of the expenses.

The Court has considered each of these arguments carefully. It rejects each of them, substantially for the reasons set out in defendants' joint reply memorandum.

---

[13] *Kanongataa v. CBS Broadcasting Inc., et al.*, No. 16-cv-7421 (LAK); *Kanongataa v. IHeartMedia, Inc.*, No. 16-cv-7471 (LAK); *Kanongataa v. Rodale Inc.*, No. 16-cv-8293 (LAK).

[14] 16-cv-8293 (LAK) DI 19.

[15] The Court expresses no view on whether and to what extent plaintiff may have recourse against his attorney for the attorneys' fees awarded here in view of any attorney advice to pursue this case and the failure to submit evidence of plaintiff's financial condition.

*Conclusion*

For the foregoing reasons, the defendants' respective motions [16-cv-7382 DI 46; 16-cv-7383 DI 59; 16-cv-7472 DI 38] are granted in all respects. The Clerk shall enter judgments as follows:

| | | |
|---|---|---|
| No. 16-cv-7382 | - | Defendants American Broadcasting Companies, Inc. and Yahoo!Inc. jointly shall recover of plaintiff the sum of $60,000.00. |
| No. 16-cv-7383 | - | Defendant NBCUniversal Media, LLC shall recover of plaintiff the sum of $30,630.00. |
| No. 16-cv-7472 | - | Defendant COED Media Group, LLC shall recover of plaintiff the sum of $30,839.00. |

SO ORDERED.

Dated:   October 4, 2017

_____
Lewis A. Kaplan
United States District Judge